**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SUKHWINDER SINGH, | No. 20-70522 |
| Petitioner, | Agency No. A208-194-142 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 9, 2021[**]
Pasadena, California

Before: COLLINS and LEE, Circuit Judges, and BAKER,[***] Judge.

Sukhwinder Singh, a native and citizen of India, seeks review of a decision

by the Board of Immigration Appeals (BIA) affirming an immigration judge's (IJ)

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable M. Miller Baker, Judge for the United States Court of International Trade, sitting by designation.

denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Singh claims that he was targeted by members of the majority political party in India, the Bharatiya Janata Party ("BJP"), which is Hindu, because he is a member of the minority Mann Party, which is Sikh. The IJ found Singh not credible based on inconsistencies in the record and Singh's demeanor and the BIA affirmed that adverse credibility finding. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review adverse credibility determinations for substantial evidence, *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010), and must "uphold the agency's determination unless compelled to conclude to the contrary," *Singh v. Whitaker*, 914 F.3d 654, 658 (9th Cir. 2019) (citation and internal quotation marks omitted). Where the BIA issues its own decision but draws on the IJ's reasoning, we review both decisions. *Flores-Lopez v. Holder*, 685 F.3d 857, 861 (9th Cir. 2012).

1.     We hold that substantial evidence in the record supports the three bases for the adverse credibility determination relied on by the IJ and the BIA.

A.     Substantial evidence supports the adverse credibility determination based on the inconsistency between Singh's testimony and his medical documentation about the treatment he received after the attacks by members of the BJP. While Singh testified he only received bandages, oral medication, and ointment, the letters from the hospital he submitted in support of his claim stated that

2

he also received a tetanus injection after one attack and an intravenous treatment of fluids after another attack.

Inconsistencies, even minor ones, can provide a basis for an adverse credibility determination. 8 U.S.C. § 1158(b)(1)(B)(iii); *Shrestha*, 590 F.3d at 1044. To support an adverse credibility determination, an inconsistency "should not be a mere trivial error such as a misspelling, and the petitioner's explanation for the inconsistency, if any, should be considered in weighing credibility." *Shrestha*, 590 F.3d at 1044 (internal citations omitted). This analysis "must take into account the totality of circumstances, and should recognize that the normal limits of human understanding and memory may make some inconsistencies or lack of recall present in any witness's case." *Id.* at 1044-45.

The inconsistency in the evidence regarding Singh's medical treatment is not trivial, like a typographical error or a mistaken date. *See id.* at 1044; *Bandari v. INS*, 227 F.3d 1160, 1166 (9th Cir. 2000). On the contrary, the extent of medical treatment goes to the heart of Singh's claim of persecution. *Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004) ("[M]aterial inconsistencies in petitioner's testimony concerning the extent of his injuries . . . go to the heart of petitioner's claim."). And "[a]lthough inconsistencies no longer need to go to the heart of the petitioner's claim, when an inconsistency is at the heart of the claim it doubtless is of great weight." *Shrestha*, 590 F.3d at 1046-47. The IJ and the BIA were thus entitled to rely on the

inconsistency regarding Singh's treatment to make an adverse credibility determination. *See Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017).

Singh argues that this discrepancy was an omission rather than an inconsistency and seeks to benefit from the more demanding standard for omissions. *See Bandari*, 227 F.3d at 1167 ("[T]he mere omission of details is insufficient to uphold an adverse credibility finding."). But the record does not support this interpretation. The IJ first asked Singh multiple times what treatments he received and then asked him to confirm that he received no treatment other than the ones he listed. As a result, the IJ reasonably treated the discrepancy as an inconsistency.

Singh also argues that the inconsistency has no bearing on his credibility because it did not bolster his claim of persecution and cites *Shah v. INS* for the proposition that discrepancies that "cannot be viewed as attempts by the applicant to enhance his claims of persecution[] have no bearing on credibility." 220 F.3d 1062, 1068 (9th Cir. 2000) (citation omitted). But this court has since clarified that "when inconsistencies that weaken a claim for asylum are accompanied by other indications of dishonesty . . . an adverse credibility determination may be supported by substantial evidence." *Don v. Gonzales*, 476 F.3d 738, 742 (9th Cir. 2007) (citation omitted). In this case, the IJ and the BIA found other indications of dishonesty, such as other inconsistencies and Singh's demeanor.

4

B.   Substantial evidence in the record supports an adverse credibility determination based on the inconsistency in Singh's evidence about the nature and the timing of the threats he received.

C.   Finally, substantial evidence in the record supports an adverse credibility determination based on Singh's demeanor at the hearing. This court gives "'special deference' to a credibility determination that is based on demeanor." *Singh-Kaur v. INS*, 183 F.3d 1147, 1151 (9th Cir. 1999) (quoting *Paredes-Urrestarazu v. INS*, 36 F.3d 801, 818-19 (9th Cir. 1994)). The IJ observed on the record that Singh's unresponsiveness was not attributable to a lack of understanding of the questions. Furthermore, the IJ considered and rejected alternative explanations for Singh's demeanor, such as personality or cultural differences and nervousness. The IJ reasonably concluded that Singh's "obvious disinclination to answer the question was apparent," and that Singh's demeanor "was reflective of a person who simply was not telling the truth."

Singh argues that the BIA did not rely on the IJ's demeanor findings and those findings are therefore beyond the scope of this court's review. *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008). But the BIA did rely on the demeanor findings when it affirmed the IJ's determination, in part, based on Singh's "evasiveness and equivocations when further questioned about the treatment he received" and, in support, also cited the portion of the IJ's analysis that discussed demeanor.

In sum, given the three well-supported, significant adverse-credibility findings, made in the context of a holistic consideration of the whole record, we are persuaded that the "totality of the circumstances and all relevant factors" support the adverse credibility determination. *Alam v. Garland*, 11 F.4th 1133, 1135 (9th Cir. 2021) (en banc) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

2. Substantial evidence also supports the agency's conclusion that Singh's documentary evidence neither rehabilitated his credibility nor independently established his claims for asylum. Singh's inconsistent testimony about his medical treatment also shed doubt on the veracity of his medical records. Because Singh is not eligible for asylum, he cannot meet the higher standard for withholding of removal. *See Singh-Kaur*, 183 F.3d at 1149. Singh does not assert any challenge to the denial of CAT protection and therefore has forfeited any challenge to the denial of CAT relief. *See Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011).

**PETITION DENIED.**